```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JOHN HADDOCK,

                Plaintiff,                    MEMORANDUM AND ORDER
                                               22-CV-6161 (KAM)
     -against-

NASSAU DISTRICT ATTORNEY'S OFFICE;
THOMAS A. ADAM, District Attorney;
NASSAU SHERIFF DEPARTMENT; NASSAU
COUNTY POLICE DEPARTMENT,

                Defendants.
----------------------------------------x
```

**MATSUMOTO, United States District Judge:**

Plaintiff John Haddock, currently incarcerated at Elmira Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested on May 10, 2022 for failing to register as a sex offender and that he has been denied proper medical care while being held at the Nassau County Jail.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, and Plaintiff is further granted 30 days leave from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff alleges that on May 10, 2022, he was arrested for his failure to register as a sex offender and for his failure

---

[1] The Court notes that Plaintiff has previously filed two similar actions stemming from his arrests for failing to register as a sex offender. *See Haddock v. Nassau Cnty. Ct.* No. 21-CV-2923 (ERK) (dismissed on April 8, 2022); *Haddock v. Nassau Cnty. Ct.*, No. 19-CV-3227 (KAM) (dismissed on June 11, 2020).

1

to provide a photo to the Nassau County Court. (ECF No. 1 ("Compl.") at 4.) Plaintiff claims that he is being falsely imprisoned, while also being denied treatment for prostate cancer and a lump on his head. (*Id.* at 4-5.) Plaintiff seeks money damages. (*Id.* at 5.) On February 27, 2023, Plaintiff also moved for leave to proceed *in forma pauperis*.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all well-pleaded allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se*

complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Plaintiff's Claims Against Nassau County Sheriff's Department, Nassau County Police Department

Plaintiff's claims against the Nassau County Sheriff's Department and Nassau County Police Department cannot proceed, as they do not have a legal identity separate and apart from Nassau County and thus cannot be sued. *See, e.g.*, *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) ("Defendants Nassau County Police Department and Nassau County Sheriff's Department are not suable entities."); *Morales v. Nassau Cnty. Dep't of Corr.*, No. 21-CV-2554, 2021 WL 4776632, at *3 (Oct. 13, 2021) (Nassau County Jail is not a suable entity); *Anderson v. County of Nassau*, No. 15-CV-5351, 2018 WL 1597399, at *8 (E.D.N.Y. Mar. 31, 2018) (Nassau County Sheriff's Department is not a suable entity). Thus, Plaintiff's claims against Nassau County Sheriff's Department and Nassau County Police Department must be and are dismissed.

## II. Plaintiff Fails to Plead Municipal Liability

Liberally construed, Plaintiff also fails to state a claim against the municipality, Nassau County. Municipal liability under Section 1983 is limited by *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). To successfully state a claim for municipal liability under *Monell*, a plaintiff must "make factual allegations that support a plausible inference that the [alleged] constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Plaintiff does not allege any unconstitutional policy or custom attributable to Nassau County that would confer municipal liability. *See, e.g.*, *Jessup v. Nassau Cnty. Sheriff Dept.*, No. 20-CV-1113, 2020 WL 7711827, at *3 (E.D.N.Y. Dec. 29, 2020) (plaintiff failed to allege plausible *Monell* claim against Nassau County). Accordingly, Plaintiff's claims against Nassau County are dismissed.

### III. Plaintiff's Claims Against the Nassau County District Attorney Defendants

Plaintiff names the Nassau County District Attorney's Office and district attorney Thomas A. Adam as defendants but does not allege any claims against these defendants. Regardless, Plaintiff's claims against the Nassau County District Attorney's Office and district attorney Thomas A. Adam cannot proceed. A district attorney's office is not a suable entity. *See, e.g., Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (finding a district attorney's office is "not an entity capable of being sued") (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 535-36 (2d Cir. 1993)); *Harvey v. Queens Cnty. D.A.,* No. 18-CV-5373, 2020 WL 837357, at *1–3 (E.D.N.Y. Feb. 20, 2020).

Moreover, prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process ... are absolutely immune from liability in § 1983 lawsuits."); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.' ") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Accordingly, Plaintiff's claims against the Nassau

5

County District Attorney's Office and district attorney Thomas A. Adam must be and are dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)(iii), 1915A. But in light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is granted 30 days leave from the date of this Order to file an Amended Complaint naming proper defendants. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).

Further, Plaintiff is informed that the Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Should Plaintiff elect to file an Amended Complaint, he must allege facts that support the elements of a Section 1983 claim and identify the defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must clearly identify the defendants in both the caption, and describe facts supporting his claims against each defendant in the body of the Amended Complaint. If Plaintiff does not know the name of the individual(s), he may identify the individual(s) as John or Jane Doe and provide descriptive information about the individual and his or her place of employment so that any such individuals may be identified. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff is cautioned that the Amended Complaint may not name and reallege claims against the Nassau County Sheriff's Department, the Nassau County Police Department, or the Nassau County District Attorney's Office, for the reasons discussed in this Order. Plaintiff is further advised that an amended complaint does not simply add to the prior complaint and that, once an amended complaint is filed, it completely replaces the original complaint filed before it. The Amended Complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order: 22-CV-6161 (KAM). If Plaintiff fails to comply with this Order within the thirty days allowed, or fails to cure the deficiencies discussed herein, judgment shall enter dismissing the action with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order, the docket, and a prisoner civil rights complaint to Plaintiff and note service on the docket.

**SO ORDERED.**

_____

KIYO A. MATSUMOTO
United States District Judge

Dated:  May 3, 2023
        Brooklyn, New York

7